CONLEY, RESPONDENT, *v.* DUNN, APPELLANT.

(No. 1,579.)

(Submitted May 15, 1903.   Decided June 1, 1903.)

*Replevin—Judgment, Verdict and Complaint—Conformity—*
*Appeal.*

Where, in an action in claim and delivery, the judgment contains a description
of the property different from that found in either the complaint or the
verdict, the judgment will, on appeal, be reversed.

*Appeal from District Court, Carbon County; Frank Henry,*
*Judge.*

ACTION by Sena Conley against John Dunn.   Verdict and
judgment for plaintiff; from which judgment and from an
order denying a new trial, defendant appeals.   Judgment re-
versed.

*Mr. George W. Pierson,* and *Mr. George H. Bailey,* for Ap-
pellant.

MR. COMMISSIONER POORMAN prepared the opinion
for the court.

This is an action in claim and delivery.   Verdict and judg-
ment for plaintiff, from which judgment, and the order of the
court overruling the defendant's motion for a new trial, this
appeal is prosecuted.

The plaintiff, in her complaint, alleges that she "was the
owner and entitled to the possession, and was in the possession,"
of "six cows branded G U Y on the right ribs and E—6 on the
left hip; five cows branded W A on the right ribs and E—6 on
the left ribs; one cow branded E—6 on the left ribs hip; all
of said cattle of the value of $40 each; eight yearling heifers
and steers branded E—6 on the left hip, of the value of $25

each; six calves branded E——6 on the left hip; and two unbranded calves, of the value of $18 each; one span of work horses, each animal branded V on the left shoulder, valued at $120; one gelding branded N on the left shoulder, of the value of $40." The answer filed denies the ownership and right of possession of the plaintiff, sets up title in a third party, and claims justification for seizing the property under the terms of a chattel mortgage executed by such third party; the defendant being at the time sheriff of the county where the property was seized and the action tried. A trial by jury was had, and the following verdict returned: "We, the jury in the above-entitled action, find the issues for the plaintiff, for the return of five cows branded W. A. on right ribs, and E——6 on left hip; one cow branded E——6 on left hip; one calf unbranded; one gelding branded N. on left shoulder; 6 yearlings branded E——6 on left hip; 6 cows branded G. U. Y. on right ribs and E——6 on left hip; the property described in the complaint; and, in case a delivery cannot be had, then for the sum of $728.32, the value thereof." The judgment entered contains what purports to be a copy of the verdict, and further on contains this statement: "It is ordered adjudged and decreed that the defendant return to the plaintiff the above-entitled property, or, in case said return cannot be made," etc.

The description of the property as given in the complaint differs from that stated in the copy of the verdict found in the record, while the copy of the verdict incorporated in the judgment contains a description different from that found in either the complaint or the former copy of the verdict. As to some of the property these descriptions are the same, but as to other items there is a radical difference. In the complaint appears this description: "Five cows branded W A on the right ribs and E——6 on the left ribs." In the verdict the description reads, "5 cows branded W. A. on right ribs and E——6 on left hip." The judgment reads, "5 cows branded E——6 on right ribs and E——6 on left hip." The pleadings do not contain any reference to cattle branded E——6 on right ribs and E——6 on left

hip. These various descriptions may or may not refer to the same animals. A clerical error may have been committed in making the copies. We cannot indulge in presumptions in those matters. The record before us imports verity, and we are bound thereby. The verdict does not support the judgment, and the complaint does not support either verdict or judgment. For this reason the judgment of the district court should be reversed.

It is contended that the verdict is insufficient, that it is not responsive to the issues, that it does not find upon the question of ownership as to the property awarded to plaintiff, that it contains no finding as to either ownership or right of possession of the property not awarded to plaintiff, and that it is in the alternative. As it is not probable that these alleged defects will appear upon another trial, it is not deemed necessary to pass upon them here.

We recommend that the judgment appealed from be reversed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order appealed from are reversed, and the cause remanded, with directions to the district court to grant the defendant a new trial.